# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH H. SINES, SR. | : | |
| Plaintiff | : | |
| v | : | Civil Action No. AW-04-3589 |
| WARDEN KUPEC, *et al.* | : | |
| Defendants | : | |

. . .o0o. . .

## **MEMORANDUM**

This civil rights action, filed on November 9, 2004, alleges that Plaintiff, a minimum security inmate, is inappropriately incarcerated at a medium security prison where his physical safety is in jeopardy. Papers No. 1 and 4. Now pending is Defendants' Motion to Dismiss or for Summary Judgment. Papers No. 8 and 9. Plaintiff was advised of his right to file a response to the motion and has filed a letter with this Court seeking to have the action, as it pertains to his failure to protect claim, dismissed. Paper No. 11. For the reasons set forth below, Defendants' Motion to Dismiss or for Summary Judgment, construed as a Motion to Dismiss, shall be granted.

**Background**

Plaintiff alleges that he was threatened by two inmates at Eastern Correctional Institution (ECI) and, despite informing correctional staff of the threats, nothing was done to insure his safety. Paper No. 4. In his response to Defendants' Motion, he claims that the two inmates who threatened him were moved to another building and he no longer feels they present a threat to him. Paper No. 11. Accordingly, Plaintiff's failure to protect claim will be dismissed. Plaintiff maintains, however, that there is still an ongoing claim due to his continued incarceration at a medium security facility as a minimum security inmate. *Id*.

Defendants assert that there is no record of Plaintiff's claim that he was in any way threatened by another inmate at ECI, or that he is in danger of being harmed by another inmate. Paper No. 8. Defendants further assert that Plaintiff's claim regarding his assignment to a medium security prison fails to state a constitutional claim.

**Standard of Review**

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**Analysis**

In the prison context there are two different types of constitutionally protected liberty interests which may be created by state action. The first is created when there is a state created entitlement to an early release from incarceration. *Board of Pardons v. Allen*, 482 U. S. 369, 381 (1987) (state created liberty interest in parole); *Wolff v. McDonnell*, 418 U. S. 539, 557 (1974) (state created liberty interest in good conduct credits). The second type of liberty interest is created by the imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U. S. 472, 484 (1995) *but see Wilkinson v. Austin*, ___ U.S. ___, 2005 WL 1383625 (June 13, 2005) (finding liberty interest in assignment to a supermax facility). "[G]iven a

2

valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

The gravamen of Plaintiff's remaining claim is that he is being deprived of access to programs that should be available to him as a minimum security inmate due to his current assignment to a medium security prison. That claim, however, fails to state a constitutional deprivation. Classification and institutional assignment decisions made by correctional staff do not implicate due process protections because there is no liberty interest in being housed in a particular prison. *Olim v. Wakinekona*, 461 U.S. 238, 244– 45 (1983). Likewise, there is no liberty interest implicated in prison job assignments or access to programs. *Altizer v. Paderick*, 569 F. 2d 812, 813 (4th Cir. 1978); *see also Bowring v. Godwin*, 551 F. 2d 44, 48 (4th Cir. 1977). Accordingly, the complaint shall be dismissed by separate order which follows.[1]

 June 15, 2005                 /s/
Date                      Alexander Williams, Jr.
                       United States District Judge

---

[1] Plaintiff is advised that dismissal of a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) is a dismissal for failure to state a claim upon which relief may granted and is included under the restrictions set forth in 28 U.S.C. §1915(g). Under that statute, a prisoner litigant will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case is the first case filed by Plaintiff in this Court that has been dismissed for failure to state a claim.